1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8

9    JAMES E. CRITTENDEN,

10            Plaintiff,                    CV F 04 6433 AWI WMW P

11       vs.                               ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO AMEND
12

13   P. L. VASQUEZ, et al.,

14            Defendants.

15

16

17         Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302

19   pursuant to 28 U.S.C. § 636(b)(1).

20         This action proceeds on the original complaint.  Plaintiff, an inmate in the custody

21   of the California Department of Corrections at the California Institution for Men at Chino, brings

22   this civil rights action against defendant correctional officials employed by the Department of

23   Corrections at CCI Tehachapi.

24         Plaintiff's sole claim in this complaint is that defendant Correctional Officer

25   Dunkin confiscated certain items of plaintiff's personal property.   C/O Dunkin confiscated  the

26

                                            1

1   items at issue as contraband or as items unlisted on plaintiff's personal property card.   Plaintiff

2   alleges that Dunkin "stole his property and kept it for himself" rather than providing plaintiff

3   with the option of mailing the items to an individual willing to accept them.[1]

4          To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

5   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

6   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a

7   plaintiff must allege that: (1) a person was acting under color of state law at the time the

8   complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

9   privileges or immunities secured by the Constitution or laws of the United States.  Paratt

10  v.Taylor, 451 U.S. 527, 535 (1981).

11         "An unauthorized intentional deprivation of property by a state employee does

12  not constitute a violation of the procedural requirements of the Due Process Clause of the

13  Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

14  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful

15  postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations

16  of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established

17  state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.

18  1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

19         Here,  plaintiff  alleges that the deprivation was in violation of regulations, and

20  that defendant Dunking "stole his property and kept it for himself."   Plaintiff does not allege any

21  facts  which suggest that the deprivation of his personal property was "authorized" under the

22  definition above.  The California Legislature has provided a remedy for tort claims against

23  public officials in the California Government Code, Sections, 900, et seq.  Because plaintiff has

24

25         [1]Title 15, section 3191(c)(1) of the California Code of Regulations provides that plaintiff
    should be given this option.

26

2

1   not attempted to seek redress in the state system, he cannot sue in federal court on the claim that

2   the state deprived him of property without due process of the law.  The court concludes that this

3   claim must, therefore, be dismissed as frivolous.  <u>See</u> 28 U.S.C. § 1915(d).  The complaint must

4   therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

5         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

7   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9   there is some affirmative link or connection between a defendant's actions and the claimed

10   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

11   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

12         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14   amended complaint be complete in itself without reference to any prior pleading.  This is

15   because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

16   <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18   original complaint, each claim and the involvement of each defendant must be sufficiently

19   alleged.

20         In accordance with the above, IT IS HEREBY ORDERED that:

21         1.  Plaintiff's complaint is dismissed; and

22         2.  Plaintiff is granted thirty days from the date of service of this order to file a

23   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

24   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

25   docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff

26

1   must file an original and two copies of the amended complaint; failure to file an amended

2   complaint in accordance with this order will result in a recommendation that this action be

3   dismissed.

4

5   IT IS SO ORDERED.

6   **Dated:    June 20, 2006            /s/  William M. Wunderlich**
    mmkd34                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4